[No. 3831.]

L. F. BOHMY *v.* THE STATE.

1. MUNICIPAL CORPORATIONS—STATUTES CONSTRUED—SUNDAY LAW—CASE APPROVED.—Note the opinion for an approval of the decision in Flood's case, 19 Texas Court of Appeals, 584, as pronounced by a majority of this court, whereby municipal ordinances are held void because of their conflict with the law of the State inhibiting traffic on Sunday.
2. SAME—CASE DISTINGUISHED.—Note the opinion for the distinction between this and the case of Kurtz v. The People, 33 Michigan, 279.

APPEAL from the County Court of Dallas. Tried below before the Hon. E. G. Bower.

The conviction in this case was for a violation of the Sunday law, and the penalty imposed by the verdict was a fine of twenty-five dollars.

*W. H. Johnson,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. In Flood v. The State, 19 Texas Court of Appeals, 584, the precise question involved in the case now before us was elaborately discussed in the opinion of a majority of the court, and in a dissenting opinion delivered by Judge Hurt. There has been no change in the views of the members of the court upon the question, and hence the decision in the Flood case is adhered to, and is decisive of the case at bar. We deem it unnecessary to consume time in a further discussion of the subject. We see no difference between the question presented in this case and that presented in the Flood case. The fact that the charter of the city of Dallas is a special Act of the Legislature, while

the charter involved in the Flood case was the general law relating to cities and towns does not, in our opinion, affect the question.

The case of Kurtz v. The People, 33 Michigan, 279, cited by Judge Hurt in his dissenting opinion in the Flood case, and cited and relied upon by counsel for defendant in this case, we do not regard as a case in point, or as a case supporting the views contended for by counsel for defendant. That case arose under a penal statute which very clearly prohibited the *sale* of liquors on Sunday. The decision is unquestionably correct when considered with reference to the statute construed by it, but we fail to perceive that it has any bearing upon the question we are considering.

We have found no error in the conviction, and the judgment is affirmed.

*Affirmed.*